# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JARON HARRIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No.    3:18-cv-00120 |
| | )    REEVES/GUYTON |
| SGT FORRESTER, CORPORAL DOLLAR, | ) |
| C/O MURWIN, J. MCCRACKEN, | ) |
| MRS. DIXON, M MOODY, and RANDY LEE, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Acting pro se, Jaron Harris, an inmate confined to the North East Correctional Complex ("NECX"), has submitted this civil rights complaint for damages under 42 U.S.C. § 1983 [Doc. 1], as well as an application for leave to proceed *in forma pauperis* [Doc. 6] and a motion to appoint counsel [Doc. 2]. For the reasons set forth below, Plaintiff's application for leave to proceed *in forma pauperis* [Doc. 6] will be **GRANTED**, his motion to appoint counsel [Doc. 2] will be **DENIED**, and service shall issue.

## I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

On January 26, 2018, Plaintiff filed a complaint alleging constitutional violations against Sgt. Forrester, Corporal Dollar, C/O Murwin, J. McCracken, Mrs. Dixon, M. Moody, and Randy Lee [Doc. 1]. Thereafter, this Court entered a Notice of Deficiency advising Plaintiff to "either pay the required filing fee or submit an application to proceed *in forma pauperis*" [Doc. 3 p. 1]. On February 20, 2018, Plaintiff filed a notarized certificate of his prisoner trust fund account statement and a print out of transactions from the previous six-month period showing that he has the sum of $49.00 to his credit [Doc. 4 p. 1]. On March 19, 2018, Plaintiff filed a motion for leave

to proceed *in forma pauperis* [Doc. 6]. Based on the financial data provided, it appears that Plaintiff lacks the sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6] is **GRANTED**. However, because Plaintiff is a prisoner, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350 has been paid to the Clerk's Office. *McGore,* 114 F.3d at 607.

Payments should be sent to: <u>Clerk, USDC; 800 Market Street, Suite 130, Knoxville, Tennessee 37902</u>. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

**II.    SCREENING REQUIREMENT**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for

relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

### III. PLAINTIFF'S ALLEGATIONS

On August 31, 2017, Sgt. Forrester, Cpl. Dollar, and C/O Murwin (Collectively "Defendants") entered Plaintiff's cell with the purpose of executing a search of Plaintiff's cell and person [Doc. 1 p. 6]. During the course of their search, Plaintiff described the language used by Defendants as "verbally abusive, sick, foul, gross, degrading, disrespectful, demeaning, belittling, sexually threatening, intimidating, and derogatory" [*Id*.]. Cpl. Dollar instructed Plaintiff to remove his clothing, stating "you know the position, spread and show me your [explicative]hole" [*Id*.]. Plaintiff complied [*Id*.]. Next, Cpl. Dollar instructed Plaintiff to "turn around slowly and repeat it

3

again" [*Id.*]. At that time, Plaintiff claims that he felt "intimidated by the unprofessional and sexually aggressive remarks" made by Defendants, so he placed both of his hands in the air and told Defendants that he refused any further search [*Id.*]. Plaintiff cites a T.D.O.C. policy stating that when an inmate refuses a search he is to be "placed in a dry cell" [*Id.*]. In accordance with this policy, Plaintiff requested to be placed in a dry cell [*Id.*]. Ignoring his request, Sgt. Forrester instructed Cpl. Dollar and C/O Murwin to "forcefully restrain" Plaintiff face down on the bed and "to rip off his boxer briefs" [*Id.* at 7]. Plaintiff asserts that he "felt a [sic] object penetrate [his] anal cavity" and heard Sgt. Forrester say "scream all you want, we gave you a chance to do things the easy way, but you wanted it the hard way" [*Id.*].

Plaintiff attempted to report the incident to the Prison Rape Elimination Act Center ("PREA") [*Id.*]. However, by direct order from Counselor M. Moody, C/O Parks denied Plaintiff's request to use the phone to call PREA [*Id.*]. Later that afternoon, Plaintiff was escorted by two officers to the medical center but instead of being examined by a doctor, Sgt. McCrackens and Mrs. Dixon informed Plaintiff that they "would be acting on behalf of PREA" because PREA "refused to be a part of this issue" [*Id.*]. Plaintiff requested to be seen by a medical examiner and a representative of PREA, but his request was denied.

## IV. ANALYSIS

In order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Dominguez v. Corr. Med. Svcs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Haywood v. Drown*, 556 U.S. 729, 731 (2009); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

4

At the screening stage, given the factual allegations offered in this pro se prisoner's pleading and the indulgence with which they must be viewed, *Haines*, 404 U.S. at 520–21, the Court finds that Plaintiff has stated arguable claims against Defendant Sgt. Forrester, Cpl. Dollar, C/O Murwin, J. McCracken, Mrs. Dixon, and M. Moody. Accordingly, this action may advance as to these Defendants.

However, this Court finds that Plaintiff has failed to state a claim against Defendant Randy Lee. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff failed to mention Randy Lee in the body of his Complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that in order to state a claim, the plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit has found that, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to pro se complaints." *See Gilmore v. Corr. Corp. of Am.*, 92 Fed. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 Fed. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claim where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, 238 F.3d 421, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement for each defendant); *Rodriguez v. Jabe*, 904 F.2d 708, 1990 WL 82722 at *1 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). In failing to allege what Randy Lee did or did

not do that violated his rights under the Constitution and/or laws of the United States, Plaintiff has not satisfied the two-part test stated above.

To the extent that Plaintiff has not specifically named Randy Lee because he seeks to hold him liable based on his respective role as a supervisor, a theory of supervisory liability is unacceptable in a § 1983 case. *See Ashcroft v. Iqual*, 556 U.S. 662, 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed simply because a defendant "employs a tortfeasor"). The law is settled that § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Mich. Dept. of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995). At a minimum, "a plaintiff must plead that the Government official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676-77. Plaintiff has provided no such showing in his complaint. Without any detail of specific actions or inactions of Randy Lee, this Court finds that Randy Lee is **DISMISSED** as a defendant in this action.

## V. MOTION FOR APPOINTMENT OF COUNSEL

Also, before the Court is Plaintiff's motion for appointment of counsel [Doc. 2]. Therein, Plaintiff provides no argument in support of his request other than the reason he cannot afford an attorney due to his indigent status [*Id.*]. The appointment of counsel in a civil proceeding is not a constitutional right, but rather a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605-6 (6th Cir. 1993). Here, the Court finds that Plaintiff's complaints and requests are not ones of extraordinary circumstances. At this stage in the proceedings, the issues in this case are straightforward and legal, rather than complex and factual. *Id.*; *Mira v.*

*Marshall*, 806 F.2d 636 (6th Cir. 1986). Thus, Plaintiff's motion for the Court to appoint him counsel [Doc. 2] is **DENIED**.

VI.     **CONCLUSION**

Based on the foregoing, Plaintiff's application to proceed without prepayment of fees [Doc. 6] is **GRANTED**. Nonetheless, Plaintiff will be **ASSESSED** the filing fee of three hundred and fifty dollars ($350), and shall follow the procedures as outlined in this Order. Additionally, Plaintiff's motion to appoint counsel [Doc. 2] is **DENIED** and Defendant Randy Lee is **DISMISSED** from this action. 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, this case shall advance against Defendants Sgt. Forrester, Cpl. Dollar, C/O Murwin, J. McCracken, Mrs. Dixon, and M. Moody.

The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Sgt. Forrester, Cpl. Dollar, C/O Murwin, J. McCracken, Mrs. Dixon, and M. Moody. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within **twenty (20) days** of the date of this Order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action. Defendants Sgt. Forrester, Cpl. Dollar, C/O Murwin, J. McCracken, Mrs. Dixon, and M. Moody **SHALL** answer or otherwise respond to the Complaint within **twenty (20) days** from the date of service.

The Court notes that, pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, in the event of any future change of address, Plaintiff is

**ORDERED** to file written notice with the Court immediately. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action. *See* E.D. Tenn. L.R. 83.13. The Court further cautions Plaintiff that he shall not be excused from timely compliance with the Court's orders in the event that he does not receive them due to any failure by Plaintiff to comply with Rule 83.13.

    **IT IS SO ORDERED.**

/s/ Pamela L. Reeves
**UNITED STATES DISTRICT JUDGE**